IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RICKY GARRISON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 23-CV-732-DWD |
| | ) |
| WARDEN SPROUL, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM & ORDER

**DUGAN, District Judge:**

This matter comes before the Court on petitioner Ricky Garrison's petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 (Doc. 1). The petitioner is incarcerated at the United States Penitentiary at Marion, Illinois ("USP-Marion") and is challenging the loss of good conduct credit based on discipline he received at USP-Marion in April 2021.

This matter is now before the Court for preliminary review pursuant to Rule 4 of the Federal Rules Governing Section 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by a district judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of the Federal Rules Governing Section 2254 Cases gives this Court the authority to apply the rules to other habeas corpus cases like the one at bar.

In February 2018, Garrison was sentenced for drug trafficking and other offenses related to a large-scale conspiracy to distribute cocaine, heroin, and methamphetamines.

See *United States v. Garrison*, No. 20-1168, 2022 WL 402371 (10th Cir. Feb. 10, 2022); *United States v. Garrison*, No. 1:14-cr-231 (D. Colorado). He is currently incarcerated at USP-Marion with a projected release date of October 19, 2024. *See* BOP, Find an Inmate, https://www.bop.gov/ inmateloc/ (visited May 4, 2023).

In April 2021, Garrison lost an unspecified amount of good conduct credit based on Incident Report 3490199 ("IR"), which appears to have been related to narcotics. He asks the Court to overturn his disciplinary conviction, restore his lost good conduct credit, expunge his record, and determine his proper custody level.

A petitioner may bring a petition under 28 U.S.C. § 2241 to challenge the fact or duration of the petitioner's confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973). This includes claims for restoration of wrongfully revoked good conduct credit. *Jones v. Cross*, 637 F.3d 841 (7th Cir. 2011); *Waletzki v. Keohane*, 13 F.3d 1079 (7th Cir. 1994).

Here, it is not plainly apparent that the Garrison is not entitled to habeas relief. Without commenting on the merits of Garrison's claims, the Court concludes that the § 2241 petition survives preliminary review pursuant to Rule 4, and the Court will order a response.

**IT IS THEREFORE ORDERED** that the respondent shall answer or otherwise plead on or before June 5, 2023. This preliminary order to respond does not preclude the respondent from raising any objection or defense the respondent may wish to present. Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service.

The petitioner is **ADVISED** of his continuing obligation to keep the Clerk and opposing parties informed of any change in the petitioner's whereabouts during the pendency of this action. This notification must be in writing no later than 7 days after a transfer or other change in address. Failure to provide notice may result in dismissal of this action. *See* FED. R. CIV. P. 41(b).

**SO ORDERED.**

Dated: May 10, 2023

/s *David W. Dugan*
_____
DAVID W. DUGAN
United States District Judge