IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RICKY GARRISON, | ) |
| | ) |
|    Petitioner | ) |
| | ) |
| | )   Case No. 23-CV-732 |
| vs. | ) |
| | ) |
| Warden SPROUL, | ) |
| | ) |
|    Respondent. | |

## **MEMORANDUM & ORDER**

**DUGAN, District Judge:**

Before the Court is Petitioner Ricky Garrison's petition for writ of habeas corpus under 28 U.S.C. § 2241. Garrison filed this petition seeking relief from the decision of a disciplinary hearing officer ("DHO") who found him guilty of offenses relating to the introduction of narcotics into the prison while he was incarcerated at FCI Pekin. Petitioner seeks expungement of the charge, restoration of good conduct credit, and restoration of his prior custody level. Shortly after the matter was fully briefed, Petitioner was released from the custody. (Doc. 13).

## BACKGROUND

On April 3, 2021, Petitioner was charged in a prison incident report with attempting, aiding, and/or planning to introduce narcotics into FCI Pekin. (Doc. 7-1). Specifically, after an investigation by prison authorities, Petitioner was charged with attempting to introduce narcotics into the prison through the mail. *Id.* The incident report was delivered to Petitioner on April 3, 2021, and he was provided with a Notice of

Hearing before the DHO and a copy of his inmate rights on April 7, 2021. *Id.* Petitioner requested a staff representative and did not request witnesses. *Id.*

After a hearing, where Petitioner was provided with a staff representative and given an opportunity to make a statement, Petitioner was found guilty. *Id.* The evidence relied on by the DHO included, (1) the April 3, 2021 incident report; (2) suspicious mail addressed to inmate Tryone Traylor, containing a sticky substance that later tested positive for marijuana; (3) evidence indicating that Petitioner used inmate Traylor's email account to communicate with the individual who mailed the contraband to Traylor; (4) evidence demonstrating that the sender had a personal relationship with Petitioner but did not know inmate Traylor; and (5) inmate Traylor's admission that he had allowed Petitioner to use his email account. (*See also* Doc. 12 pp. 1-91) (evidence relied on by DHO, filed under seal). *Id.*

Petitioner seeks to overturn his DHO finding. His sole argument is that there was not enough evidence to convict him.[1]

## DISCUSSION

An inmate may challenge the revocation of good conduct credit in a petition for writ of habeas corpus. *See Jackson v. Carlson,* 707 F.2d 943, 946 (7th Cir. 1983). Even if the inmate is not requesting immediate release, a challenge to the revocation of good conduct credit implicates the duration of his confinement because he seeks release at an earlier date. *See Preiser v. Rodriguez,* 411 U.S. 475, 489, 93 S.Ct. 1827, 36

---

[1] Petitioner states four grounds for relief. However, each ground for relief challenges the sufficiency of the evidence supporting the DHO's decision.

L.Ed.2d 439 (1973) (challenges to "fact or duration" of inmate's confinement in prison on constitutional grounds are properly raised in petition for writ of habeas corpus).

Under 28 U.S.C. § 2241(c), a writ of habeas corpus "shall not extend to a prisoner" unless he is "in custody." The "in custody" requirement is satisfied at the time of the filing of the petition. *Spencer v. Kemna,* 523 U.S. 1, 7 (1998). Accordingly, when an inmate is released while his habeas corpus petition is pending, he continues to meet the "in custody" requirement, and his petition is not necessarily moot. To remain valid, however, a petition must still present a "case or controversy" under Article III, § 2 of the Constitution. A petitioner can meet this requirement by demonstrating that he will suffer "collateral consequences" unless the court grants the requested relief. *Spencer v. Kemna,* 523 U.S. 1, 7 (1998).[2]

In *Spencer v. Kemna,* the Supreme Court considered whether a petitioner challenging a parole revocation could meet the case or controversy requirement after his release from custody. The court held that, unlike criminal convictions, the presumption of collateral consequences did not extend to challenges to a parole revocation. *Spencer,* 523 U.S. at 18. The Court reasoned that parole revocation did not lead to the type of "statutory consequences" that resulted from a conviction, such as the inability to vote, to hold office, or to serve as a juror. The Court found the possibility that a revoked parolee

---

[2] In *Spencer*, the Supreme Court considered whether an inmate's release after a parole revocation rendered moot his habeas petition challenging the procedures that led to the revocation of parole. The Court reasoned that parole revocation did not lead to the type of "statutory consequences" that resulted from a conviction, such as the inability to vote, to hold office, or to serve as a juror. The Court found the possibility that a revoked parolee might be taken into custody later and his prior revocation considered as a factor to deny future parole too speculative to constitute "collateral consequences" sufficient to keep a case alive after the revoked parolee had been released. 523 U.S. at 12–15.

might be taken into custody later and his prior revocation considered as a factor to deny future parole too speculative to constitute "collateral consequences" sufficient to keep a case alive after the revoked parolee had been released. 523 U.S. at 12–15.

The Seventh Circuit has extended the holding in *Spencer* to prison disciplinary proceedings and BOP decisions regarding good conduct credit. *See Eichwedel v. Curry,* 700 F.3d 275, 279 (7th Cir. 2012); *Diaz v. Duckworth,* 143 F.3d 345 (7th Cir. 1998). *See also Scott v. Lockett,* 412 Fed. App's 885, 886 (7th Cir. 2011) ("collateral consequences never include consequences that a petitioner has the power to avoid simply by following the law, such as a new prison term imposed after he commits a new crime.").

In the instant case, Petitioner has been released from custody, and even if the Court found merit to his claims,[3] the Court is no longer able to provide Petitioner with any effective relief. Further, under the case law described above, unless Petitioner can show he will suffer a continuing injury or other "collateral consequences" if relief is not granted, the Petition does not present a case or controversy and must be dismissed. The Petition provides no basis for such a finding. As such, the Court finds that there is no case or controversy to be addressed, and the Petition is moot.

---

[3] The Petition is premised on the claim that the DHO's was not supported by any evidence. Due process requires the findings of the DHO be supported by "some evidence" in the record. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454-55 (1985). "The 'some evidence' standard is less exacting than the preponderance of the evidence standard, requiring only that the decision not be arbitrary or without support in the record." *McPherson v. McBride,* 188 F.3d. 784, 786 (7th Cir. 1999). The Court notes that Respondent has set forth an abundance of evidence supporting the DHO's decision.

## CONCLUSION

Therefore, based on all the foregoing, the Petition is **DENIED as moot,** and the Case is **DISMISSED** with prejudice. The Clerk is **DIRECTED** to close the case and to enter judgment accordingly.

SO ORDERED.

Dated: November 17, 2023

DAVID W. DUGAN
United States District Judge